IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY YOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV381 |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | MEMORANDUM OPINION |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for Supplemental Security Income ("SSI") benefits. After careful review of the briefs, the 291-page record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be reversed and the case remanded for reevaluation of the claimant's residual functional capacity because the determination did not explicitly consider the plaintiff's mild to moderate fatigue which was extensively documented in the record but was not included in the hypothetical posed by the administrative law judge ("ALJ"). The ALJ has failed to pose a hypothetical which accurately and fully represents the plaintiff's condition.

**BACKGROUND**

Plaintiff Jeffrey Yowell ("Yowell"), currently fifty years old, was forty-five years old with an eighth grade education when he initially applied for SSI benefits (Tr. 17, 47).  His relevant past work experience includes employment as a roofer (Tr. 17).  On December 19, 2001, Yowell filed an application for SSI benefits, alleging that he suffered from a disability beginning on October 1, 2001, because he was positive for HIV and Hepatitis C, as well as experiencing vertigo and pneumonia (Tr. 61).  Yowell was diagnosed with HIV in October, 2001, and has been part of an experimental treatment program for HIV since November, 2001 (Tr. 17).

Dr. Susan Swindells has been Yowell's treating physician for his HIV since his initial diagnosis.  On January 22, 2002, Dr. Swindells listed Yowell's work related limitations as restricting him to occasionally lifting/carrying ten pounds, frequently lifting/carrying less than ten pounds, standing and/or walking for four hours in an eight-hour day, one and one-half hours of standing or walking without interruption along with environmental limitations related to exposure to extreme heat and cold and dust (Tr. 85-86).  The ALJ credited Dr. Swindells' opinion noting that Yowell's condition remained stable since January, 2002, and found Dr. Swindell's assessment still valid (Tr. 19).

A review of Yowell's medical records in the transcript demonstrate that fatigue was a consistent symptom (Tr. 142, 144, 150, 152, 153, 162, 164, 166, 174, 178, 184, 187, 191, 193, 196, 207, 237, and 250). Yowell's fatigue was usually noted as being mild to moderate in intensity.

Yowell's application was denied initially and upon reconsideration (Tr. 27-30, 32-35). Dissatisfied, Yowell filed a request for hearing before an ALJ. The hearing was held on July 11, 2003, before ALJ William C. Thompson (Tr. 16). Yowell and Mr. Gail Leonhardt, a vocational expert ("VE"), testified at the hearing (Tr. 16).

On January 26, 2004, the ALJ issued a written opinion finding that Yowell was unable to perform his past relevant work in construction and as a roofer (Tr. 20). However, the ALJ also determined that Yowell could perform a reduced range of sedentary work such as an assembler or packager and that he was not entitled to SSI benefits (Tr. 20-23). Subsequently, Yowell sought review by the Social Security Administrations's Appeals Council (Tr. 12). On March 29, 2006, the Appeals Council denied Yowell's request for review (Tr. 5). Yowell brings this cause of action, challenging the ALJ's decision (Filing No. 1).

## STANDARD OF REVIEW

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or

substitute its judgment for the judgment of the ALJ or the Commissioner.  *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole.  *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996).  Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990).  "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision."  *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996)(*citing Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).  In determining whether the evidence in the record as a whole is substantial, the Court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it."  *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  If the Court finds that the record contains substantial evidence supporting the Commissioner's decision, the Court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the

case differently.  *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

## DISCUSSION

According to the plaintiff, the ALJ erred in finding that the plaintiff's subjective complaints of fatigue lacked credibility.  Under Eighth Circuit law, the ALJ may discredit a claimant's subjective allegations of pain, discomfort, or disabling limitations when they are inconsistent with the record as a whole.  *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984)(subsequent history omitted).  In evaluating a claimant's subjective complaints, the ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians about (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Id.* at 948.

The plaintiff contends that the ALJ failed to give the proper weight to the plaintiff's subjective complaints (1) when determining the plaintiff's residual functional capacity, and (2) by failing to include in the hypothetical questions posed to the vocational expert the objective medical evidence about the plaintiff's fatigue.  As recounted above, the VE concluded that Yowell could not work if, in addition to the limitations

-5-

expressed in the ALJ's first hypothetical, Yowell also experienced fatigue.  Specifically, the VE said that "based on the fatigue alone he would be unable to" perform the unskilled assembler and machine packaging jobs (Tr. 290).

In response, the defendant points out that the ALJ discounted the plaintiff's subjective complaints about the severity of his impairments not merely because the record lacked objective medical evidence to support those allegations, but also because the plaintiff's complaints are inconsistent with the medical evidence actually found in the record.  Nothing in the record, for example, supports the plaintiff's claim about the disabling frequency and duration of his diarrhea, nausea and vomiting; the record only shows that the plaintiff suffered from these conditions occasionally.  Given this inconsistency, the ALJ correctly discounted the plaintiff's subjective testimony about these conditions.

While the ALJ correctly discounted Yowell's testimony as to his diarrhea, nausea and vomiting, the ALJ failed to properly consider Yowell's fatigue which is reported in his medical records as consistently being at least mild to moderate in its intensity.  Further, when Yowell's attorney added fatigue to the hypothetical posed to the VE, the VE opined that "based on the fatigue alone he would be unable to" perform the unskilled assembler and machine packaging jobs (Tr. 290).

The Court will reverse and remand the claim for reconsideration by the Commissioner directing that Yowell's fatigue be taken into account. The Court is remanding the case rather then just reversing the ALJ's decision and awarding benefits because the record is not clear, where Yowell's fatigue has not been properly considered -- without also being paired with the unfounded assumption that Yowell is incapable of rapid repetitive motions. When the VE opined on the impact of fatigue on Yowell's ability to work, the question was immediately following the insertion of a condition that Yowell also was required to "avoid rapid repetitive manipulations" (Tr. 289). The Court's reading of the VE's testimony finds that it is not clear that the discussion of fatigue was independent of the avoidance of rapid repetitive manipulations. The Court is not clear how the VE would testify if the hypothetical expressly considered fatigue but did not discuss any additional limitations on rapid repetitive movements. For these reasons, the decision of the Commissioner will be reversed; this claim is remanded to the Commissioner for reconsideration in accordance with this

opinion.  A separate order will be issued in accordance with this memorandum opinion.

DATED this 4th day of January, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
　　LYLE E. STROM, Senior Judge
　　United States District Court